**Order filed July 11, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00290-CR

_____

## SHAWN PATRICK LAYTON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15036**

## O R D E R

A jury convicted Shawn Patrick Layton of aggravated assault with a deadly weapon and assessed his punishment at imprisonment for twenty years and a fine of $10,000. The trial court also ordered Appellant to pay restitution of $44,528.78, consisting of $41,056.36 to the Office of the Attorney General, Crime Victims' Compensation for the victim's medical bills and $3,472.37 to the Erath County District Clerk for court-appointed attorney's fees. We abate the appeal and remand this cause to the trial court for appointment of new appellate counsel.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that she has thoroughly and conscientiously examined the record and applicable law and that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record, file a pro se response to counsel's brief, and, if necessary, file a pro se petition for discretionary review. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant has not filed a pro se response to counsel's brief.

In addressing an *Anders* brief, a court of appeals may determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and found no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 410–11; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures set out in *Anders*, *Kelly*, and *Schulman*, we have conducted an independent review of the record and we disagree with court-appointed counsel's conclusion that the appeal is wholly frivolous. In this regard, we note that this appeal stems from a contested trial for aggravated assault with a deadly weapon, which is not particularly amenable to disposition under *Anders*. We also note that the guilt/innocence phase of the trial spanned three days. We are of the opinion that there are arguable grounds for an appeal. Specifically, (1) although Appellant's codefendant, who was charged with the same offense as Appellant, pleaded guilty and testified against Appellant, the guilt-phase jury charge did not contain an accomplice-witness instruction, (2) the parole instruction in the punishment-phase jury charge did not comply with Article 37.07,

2

section 4 of the Texas Code of Criminal Procedure,[1] and (3) the trial court ordered Appellant, who had been found to be indigent, to pay fees for his court-appointed attorney.

Accordingly, we grant counsel's motion to withdraw, abate this appeal, and remand this cause to the trial court for appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number for new counsel by its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by August 1, 2019.

Newly appointed counsel shall file a brief that conforms to the Texas Rules of Appellate Procedure and that addresses the issues mentioned above and any other issue counsel deems arguable. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure. By this order, we express no opinion on the merits of any issues or potential issues that the record may present.

The motion to withdraw is granted, the appeal is abated, and the cause is remanded to the trial court in accordance with this order.

July 11, 2019                                                            PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]
(Willson, J., not participating.)

---

[1]TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2018).

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.